JOURNAL ENTRY and OPINION
{¶ 1} In November 1999, the Cleveland Police Department issued defendant Leonard Judd a citation for failing to drive in marked lanes of traffic and leaving the scene of an accident. A summons sent by certified mail to the address listed on Judd's driver's license was twice returned as "unclaimed." When Judd did not appear for the trial, the court issued a capias. Over two years later, the police stopped Judd for other traffic violations and held him on the outstanding capias. When Judd appeared for court, he entered an oral motion to dismiss the capias for want of prosecution on grounds that he had not received the summons. Although Judd conceded that he lived at the address that the summons was mailed to, the court held that the city's failure to follow-up on the address "violates [Judd's] right to present a defense. He lost time to present his own defense because of the city's inaction." The city appeals.
 {¶ 2} To the extent the court's statements upon granting the oral motion to dismiss could be construed as a finding that the city failed to commence the prosecution in a timely manner, we find that position erroneous. R.C. 2901.13(E) states:
 {¶ 3} "A prosecution is commenced on the date an indictment is returned or any information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."
 {¶ 4} In State v. Fuller (July 30, 1998), Cuyahoga App. No. 72811, we considered a factual scenario identical to that presented in this case and held that the state showed reasonable diligence in attempting to serve a summons when it was shown that the prosecution sent the summons by certified mail and it was returned unclaimed. See, also,State v. Stevens (Dec. 22, 1994), Cuyahoga App. No. 67400.
 {¶ 5} In conformity with Crim.R. 4(D)(3), the city sent the summons by certified mail. It bears emphasizing that Judd admitted that the address on the summons was the address where he lived. Under authority of Fuller and Stevens, we find the city exercised due diligence in attempting to commence the prosecution. The assigned error is sustained.
Reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).